Recover Medical Services, P.C., as Assignee of Anastasiya Mishchenko, Appellant,
against
Ameriprise Insurance Company, Respondent.




Gabriel & Shapiro, LLC (Steven F. Palumbo, Esq.), for appellant.
Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered May 5, 2015. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on bills received by defendant between January 26, 2012 and March 8, 2012 are denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled examinations under oath (EUOs).
Plaintiff correctly argues on appeal that defendant failed to demonstrate that it was entitled to summary judgment dismissing so much of the complaint as sought to recover on bills received by defendant between January 26, 2012 and March 8, 2012, as the EUO requests at issue had been sent more than 30 days after defendant had received those bills, and, therefore, the requests were nullities with respect to those bills (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, [*2]11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, the branches of defendant's motion seeking summary judgment dismissing those portions of the complaint should have been denied.
With respect to the remaining three bills, there is no merit to plaintiff's argument that, pursuant to 11 NYCRR 65-3.6 (b), defendant was required to send plaintiff's attorney a delay letter upon sending the follow-up EUO scheduling letter to plaintiff. The requirement to send a delay letter arises only where the verification is sought from a person or entity other than the plaintiff (see Advantage Radiology, P.C. v Nationwide Mut. Ins. Co., 55 Misc 3d 91 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; see also GNK Med. Supply, Inc. v Tri-State Consumer Ins. Co., 37 Misc 3d 138[A], 2012 NY Slip Op 52195[U] [App Term, 1st Dept 2012]). Here, where defendant sought plaintiff's EUO, there was no such requirement.
Accordingly, the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on bills received by defendant between January 26, 2012 and March 8, 2012 are denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2017